UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| STEVEN E. ROUSSEAU,<br><br>      Plaintiff,<br><br>v.<br><br>CARMEN CASTENEDA,<br>(Supervisor) HENN. CTY.,<br><br>      Defendant. | Civil No. 08-236 (DSD/JSM)<br><br>**REPORT AND RECOMMENDATION** |

      This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

      Plaintiff is a civilly committed detainee at the St. Peter Regional Treatment Center in St. Peter, Minnesota.  He is attempting to bring a civil rights action under 42 U.S.C. § 1983 against a Defendant named Carmen Casteneda.  Plaintiff claims that Defendant violated his constitutional rights under the "cruel and unusual punishments" clause of the Eighth Amendment, because "Defendant did not assert correct diagnose [sic] for Plaintiff['s] mental health," and "committed denial of proper treatment in April 2005."

According to the complaint, Defendant "diagnose[d] Plaintiff as a paranoid schizophrenic" at some unspecified time in the past, but he was later "diagnosed as 'not' mentally ill." It is further alleged that "Defendant has with 'intent' cause[d] denial of proper treatment [and] has caused cruel and unusual punishment by giving needless neuroleptic medications." Plaintiff's two-page handwritten complaint provides no information about any of the circumstances surrounding the alleged administration of such medications, or when they allegedly were given to him.

## II. DISCUSSION

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). See also Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) ("[u]nder section 1915(e)(2)(B)(ii), a District Court shall dismiss a complaint filed in forma pauperis 'at any time if ... the action ... fails to state a claim on which relief may be granted'"). Here, the Court finds that Plaintiff's complaint fails to state an actionable Eighth Amendment claim for several reasons.

First, the Eighth Amendment applies only to individuals who are in custody as punishment for a criminal conviction. The Eighth Amendment's proscription against "cruel and unusual punishments" does not apply to civilly committed detainees, because they are not being punished for criminal offenses. Revels v. Vincenz, 382 F.3d 870, 874 (8th Cir. 2004) ("because an involuntarily committed psychiatric patient is confined for treatment rather than incarcerated for the purpose of punishment following conviction, the Eighth Amendment does not apply"). Because Plaintiff is civilly committed, and not confined for

a criminal conviction, the Eighth Amendment does not apply to him.

The Court recognizes that the due process clause of the Fourteenth Amendment provides protections to civilly committed detainees, which are comparable to the protections provided by the Eighth Amendment.[1] However, even if Plaintiff's current lawsuit is construed to be brought under the Fourteenth Amendment, rather than the Eighth Amendment, his complaint is still inadequate.

A defendant cannot be sued under 42 U.S.C. § 1983 for any alleged constitutional violation, unless the defendant was acting under color of state law when the alleged constitutional violation occurred. Young v. Harrison, 284 F.3d 863, 866 (8th Cir. 2002) (42 U.S.C. § 1983 "affords redress against a person who, under color of state law, deprives another person of any federal constitutional or statutory right"). Although the caption of Plaintiff's complaint includes the cryptic phrase "(Supervisor) Henn. Cty." after Defendant's name, there are no allegations in the complaint itself, which show that Defendant was acting under color of state law when she allegedly violated Plaintiff's constitutional rights. Therefore, Plaintiff has failed to plead an actionable § 1983 civil rights claim against Defendant.

---

[1] It is well-settled that the due process clause provides pre-trial detainees essentially the same protections as those provided to convicted prisoners under the Eighth Amendment. Butler v. Fletcher, 465 F.3d 340, 344 (8th Cir. 2006), cert. denied, 127 S.Ct. 2128 (2007). Federal courts have also found that the legal status of a civilly committed person is much like that of a pre-trial detainee, and that a civilly committed detainee's due process rights must therefore be comparable to those of a pre-trial detainee. See Youngberg v. Romeo, 457 U.S. 307, 320 (1982) (recognizing similarity between due process rights of civilly committed detainees and those of pre-trial detainees). It is therefore reasonable to conclude that the constitutional guaranty of due process protects civilly committed detainees from conditions that would be considered "cruel and unusual punishment" for convicted criminals.

Furthermore, even if Plaintiff had alleged facts showing Defendant to be a state actor, his complaint would still fail, because he has alleged no facts showing that Defendant did anything, (or failed to do anything), that violated his constitutional rights. To plead an actionable civil rights claim under the Eighth Amendment or its due process counterpart, based on some allegedly improper medical care, the claimant must allege facts, which if proven true, would show that the named defendant was "deliberately indifferent" to the claimant's "serious medical needs." <u>Boyd v. Knox</u>, 47 F.3d 966, 968 (8th Cir. 1995), citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).

Here, Plaintiff's complaint does not describe any "serious medical needs." (In fact, Plaintiff seems to be suggesting that there is nothing wrong with him.) More importantly, the complaint does not allege that Defendant was deliberately indifferent to Plaintiff's medical needs – whatever they might be. To the contrary, Plaintiff alleges that Defendant did not "correct[ly] diagnose" Plaintiff's mental health needs, and did not provide proper treatment for those needs. The clear implication of this allegation is that Defendant did <u>not</u> ignore Plaintiff's alleged medical needs, or deliberately mistreat those alleged needs, but rather, she simply erred (allegedly) in her diagnosis and treatment of his medical condition.

There are no factual allegations in the complaint showing that Defendant deliberately refused to provide medical care to Plaintiff, which she knew (or should have known) he needed. Instead, it clearly appears that Plaintiff simply believes that the medical care provided by Defendant was not the "proper treatment" for his medical condition. That is not a sufficient basis for bringing a federal civil rights action. See <u>Smith v. Marcantonio</u>, 910 F.2d 500, 502 (8th Cir. 1990) (prisoner's mere disagreement with course of treatment prescribed by prison medical staff is not actionable under the Eighth Amendment).

The Court has not overlooked Plaintiff's allegation that Defendant acted with "intent," but that conclusory assertion alone cannot cure the inadequacy of Plaintiff's pleading. Defendant's alleged diagnosis and treatment of Plaintiff's medical needs undoubtedly involved some type of intentional decision-making, but that obviously does not mean Defendant intentionally ignored or mistreated Plaintiff's medical needs.

At most, Plaintiff's complaint shows only that Defendant somehow failed to provide him with the medical diagnosis and treatment that he thinks he should have received, and (perhaps) other health care professionals would have provided. In short, Plaintiff alleges only that Defendant's medical care was incorrect. However, the Constitution does not mandate errorless medical care, and medical mistakes do not give rise to actionable civil rights claims, even if the person effected by those mistakes is in state custody. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner").

### III. CONCLUSION

For all the reasons discussed above, the Court finds that Plaintiff's complaint fails to state an actionable civil rights claim, or any other cause of action on which relief can be granted. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), be denied; and

    2. This action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated:       February 28, 2008

                          *s/ Janie S. Mayeron*
                          JANIE S. MAYERON
                          United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by March 17, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.